**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Olver Adali SUAZO–IRIAS, also known**
**as Erick Hernan Martinez,**
**Defendant–Appellant.**

No. 08–50590
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 17, 2009.

Anthony Wayne Brown, U.S. Attorney's Office, Western District of Texas, Austin, TX, for Plaintiff–Appellee.

Erick Hernan Martinez, Post, TX, pro se.

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

In 2006, Olver Adali Suazo–Irias (Suazo) pleaded guilty to possession with the intent to distribute cocaine powder and five grams or more of cocaine base. He was sentenced to the statutory minimum sentence of 60 months of imprisonment. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence, which was based on the United States Sentencing Commission's amendments to the Sentencing Guidelines's base offense levels for crack cocaine. We review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Shaw,* 30 F.3d 26, 28 (5th Cir.1994).

Citing *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), Suazo argues that the district court abused its discretion in denying his motion to reduce his sentence because the district court erroneously believed its authority to reduce his sentence was limited by U.S.S.G. § 1B1.10. The Government has filed a motion for summary affirmance, or, alternatively, for an extension of time within which to file a brief.

The district court could not have imposed a guidelines sentence that was lower than the statutorily mandated minimum penalty. *See United States v. Harper,* 527 F.3d 396, 411 (5th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 212, 172 L.Ed.2d 157

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2008); *United States v. Gomez–Herrera,* 523 F.3d 554, 559 (5th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 624, 172 L.Ed.2d 617 (2008). Accordingly, Suazo has not shown that the district court abused its discretion in denying his motion for a reduction of his sentence. *See Shaw,* 30 F.3d at 28.

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time is DISMISSED as moot, and the judgment of the district court is AFFIRMED.